IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1193-04






MARY ELIZABETH HARRISON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Meyers, J., filed a dissenting opinion, in which Holcomb, J., joined.


O P I N I O N 


 In determining whether a defendant voluntarily consented to a search, we consider
the totality of the circumstances, and the burden is on the State to prove by clear and
convincing evidence that the consent was voluntary. Clear and convincing evidence is
"evidence indicating that the thing to be proved is highly probable or reasonably certain." (1) 
It is hard to believe that the trial court could find that it was highly probable or reasonably
certain that Appellant consented to the urine test when she was not given statutory
warnings prior to consenting to giving a urine specimen and when both officers who
testified about the consent stated that they did not inform Appellant that she could refuse
to provide a sample without losing her driver's license. 

 Nonetheless, the majority claims that because Appellant was given statutory
warnings about giving a blood sample and consented, the officers were not obligated to
inform her that the consequences of failure to consent to giving a breath or blood
specimen do not apply to failure to give a urine sample. The majority also says that,
although the police failure to inform Appellant of her right to refuse the urine test was a
relevant factor in assessing the voluntariness of her consent, it was not controlling, and
that her knowledge of her right to refuse consent is not determinative of whether her
consent was voluntary. Presuming that the trial judge considered these factors and
assessed the credibility and demeanor of the witnesses, the majority holds that the trial
judge properly found that the State proved by clear and convincing evidence that the
consent was voluntary. How do these factors, each of which lean in Appellant's favor
and each of which indicate that consent was uninformed, add up to highly probable or
reasonably certain evidence that Appellant's consent to give a urine sample was
voluntary? 

 In addition to the fact that Appellant was not informed of her right to refuse
consent and was not informed that the consequences of refusing to provide a blood
sample did not apply to a urine sample, the court of appeals also considered the fact that
1) Appellant had been arrested, transported to the hospital in handcuffs, and was in
custody at the time she consented, indicating that she was not aware that she was free to
refuse to submit a urine sample; 2) that she was induced to consent in order to avoid
additional pain from the repeated needle sticks, which were causing collapsed veins and
bruising; and 3) that her license was very important to her and she only consented because
she did not want to lose her license. The record additionally indicates that Appellant
asked for her attorney repeatedly throughout this process and the officers told her that she
could call her attorney after she completed the breath tests. Perhaps if the officers had
allowed Appellant to call her attorney, then her attorney could have informed her of her
right to refuse to consent to a urine sample without losing her license, rather than being
misled by the officers. Since there was not a single witness who claimed that Appellant's
consent was informed, it is difficult to see how the consent could be considered voluntary. 

 I disagree with the majority's contention that the court of appeals failed to give
proper deference to the trial court's findings. (2) The court of appeals properly reviewed the
evidence and held that there was not clear and convincing evidence to prove that
Appellant voluntarily consented to the urine sample. Therefore, I respectfully dissent.


 Meyers, J.


Filed: November 1, 2006

Publish
1. See Black's Law Dictionary 457 (7th ed. 2000). 
2. Although findings were requested when the trial judge ruled on the motion to suppress,
there is nothing in the record indicating that findings of fact were entered.